IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

|  |  |
|---|---|
| John D. Hatcher;<br>Rachel Shaluly;<br>James F. Gilbert;<br>Molly A. Miller;<br>Michael Stehney, individually and as<br>members of the Architectural<br>Committee of Mill Creek Estates,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>Ron Ferguson,<br><br>　　　　　　　　　Defendant. | Civil Action No. 6:15-5032-GRA-KFM<br>[Re: Case No. 2013-CP-23-1810]<br><br>**REPORT OF MAGISTRATE JUDGE** |

The above-captioned case was removed from the Court of Common Pleas for Greenville County on December 22, 2015. The Notice of Removal was received by the Clerk's Office in Columbia, South Carolina. The defendant, who is proceeding *pro se*, paid the filing fee of four hundred dollars ($400) (Receipt No. SCX300063757). This is the fourth removal of Case No. 2013-CP-23-1810 by the defendant, who, in the Notice of Removal, states that he is a citizen of Florida, although the defendant's address listed on the Certificate of Service to the Notice of Removal is a South Carolina address (doc. 1 at 9).

On December 29, 2015, counsel for the plaintiffs filed a motion to remand to state court and to prohibit future removals of this case (doc. 11). In an order (doc. 14) filed in this case on December 30, 2015, the undersigned apprised the defendant that he must

keep the Clerk's Office and opposing counsel apprised of any change of address. On January 4, 2016, the defendant filed his response (doc. 16) to the plaintiffs' motion.

In their motion to remand, counsel for the plaintiffs calls attention to this Court's remand of Civil Action No. 6:14-3820-GRA-KFM, in which this Court remanded the underlying state court case to state court. Counsel for the plaintiffs requests that this case be remanded immediately and that the District Court prohibit future remands. The plaintiffs' motion to remand is timely.

In the defendant's response, the defendant contends: (1) the state court has never complied with United States Supreme Court or South Carolina Supreme Court precedent as to whom the legally recognizable parties are (doc. 16 at 1); (2) the defendant owns "real land" at 103 Mill Creek Road in Piedmont, South Carolina (*id*.); (3) the complaint filed in state court named "Ron Ferguson" as a defendant but never identified any specific property of record (*id*.); (4) county records show that there is no property owner of record by the name "Ron Ferguson" of any platted lot in Mill Creek Estates (*id*.); (5) the defendant and his wife, Susan M. Ferguson, purchased the property on February 22, 2012 (*id*. at 2); (6) the defendant contracted to have a detached garage built, the garage was built, and the County of Greenville signed the Final Inspection and issued a Certificate of Occupancy and Use on January 16, 2013, for the detached garage (*id*. at 2–3); (7) the plaintiffs filed Case No. 2013-CP-23-1810 on April 1, 2013 (*id*. at 3); (8) on May 31, 2013, the County of Greenville competed a Final Inspection and issued a Certificate of Use and Occupancy "for the Ferguson's property" (*id*.); (9) the defendant and his wife obtained South Carolina driver's licenses on June 6, 2013 (*id*.); (10) since the defendant's real name is Ronald Ferguson, not Ron Ferguson, Ron Ferguson did not own any property to make him or his wife citizens of South Carolina (*id*.); (11) the defendants and their counsel were aware of these facts and willfully engaged in fraud to avoid this Court's scrutiny of their pleadings and actions (*id*.); (12) complete diversity existed at the time the complaint was filed in the Court

2

of Common Pleas, and diversity jurisdiction depends on the citizenship of the parties at the time a case is filed (*id*. at 4); (13) this federal court has supplemental jurisdiction (*id*.); and (14) the amount in controversy exceeds because $75,000 because the value of the residential dwelling is $378,000, the detached garage has a value of $84,000, and the "minimum allegedly required by encumbrance" is $222,600 (*id*. at 5). The defendant and his wife have submitted affidavits with supporting documents (doc. 16-1, doc. 16-2).

A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441. Various federal courts have held that the removal statutes are to be construed against removal jurisdiction and in favor of remand. *See*, *e.g.*, *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990) (collecting cases).

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A Notice of Removal must be filed by a defendant in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the

3

case becomes removable.  *See* 28 U.S.C. § 1446; and *Heniford v. Am. Motors Sales Corp.*, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980)[Table].

Case No. 2013-CP-23-1810 was filed on April 1, 2013, by counsel for the plaintiffs (doc. 1-3 at 1–8 in Civil Action No. 6:14-3820-GRA-KFM).  In the complaint filed in state court, the plaintiffs alleged that the defendant had failed to comply with restrictive covenants (*id.* at 5–8).  The various documents submitted by the parties in Civil Action No. 6:14-3820-GRA-KFM do not show when the defendant was served, but it appears that he was served sometime in April 2013 because he filed an answer with counterclaims on or about May 1, 2013.  *Murphy Bros., Inc. v. Michael Pipe Stringing, Inc.*, 526 U.S. 344, 353–56 (1999) (thirty-day removal period does not start to run until defendant is served).  Even assuming that the defendant was served with the summons and complaint in Case No. 2013-CP-23-1810 on April 30, 2013, the defendant had until May 30, 2013, to remove this case.

The above-captioned case is the first attempt by the defendant to remove Case No. 2013-CP-23-1810 on the basis of diversity jurisdiction.  The defendant has not timely removed the case, even if the defendant and his spouse were citizens of Florida when Case No. 2013-CP-23-1810 was filed in the Court of Common Pleas for Greenville County.  The above-captioned case should be remanded to state court, albeit for somewhat different reasons than Civil Action No. 6:14-3820-GRA-KFM and Civil Action No. 6:15-2080-GRA-KFM, which involved the same state court case (Case No. 2013-CP-23-1810), were remanded to state court.  *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d

624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'").

Based on the foregoing it is recommended that the District Court grant the plaintiffs' motion to remand to state court (doc. 11). It is also recommended that the District Court prohibit future removals of Case No. 2013-CP-23-1810. The attention of the parties is directed to the notice on the next page.

                                          Kevin F. McDonald
                                          United States Magistrate Judge

January 5, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).