IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John D. Hatcher, Rachel Shaluly, James F. Gilbert, Molly A. Miller, and Michael Stehney, individually and as members of the Architectural Committee of Mill Creek Estates, ) ) ) ) ) ) | Civil Action No. 6:15-cv-05032-TMC |
| Plaintiffs, ) ) | |
| vs. ) ) | **ORDER** |
| Ron Ferguson, ) ) ) | |
| Defendant. ) ) | |

This matter comes before the court for review of the United States Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B), and filed on January 5, 2016. (ECF No. 19).

**Background**

The plaintiffs originally filed this action against Ron Ferguson, a/k/a Ronald E. Ferguson ("defendant"), on April 1, 2013, in the Court of Common Pleas for Greenville County, alleging failure to comply with restrictive covenants. This is the third removal of Case No. 2013-CP-23-1810 by the defendant, and the court will briefly explain the procedural history of each removal action.

On September 30, 2014, the defendant removed this action to federal court pursuant to 28 U.S.C. § 1441, arguing *inter alia*, that the district court has federal question jurisdiction because state court mandated mediation would violate his constitutional rights. *See Hatcher v. Ferguson*, No. 6:14-03280, 2015 WL 1268175, at *1–2 (D.S.C. March 19, 2015). The plaintiffs filed a

1

motion to remand on November 17, 2014. *Id.* The magistrate judge issued a report and recommendation on December 12, 2014, recommending the district court grant the plaintiffs' motion to remand to state court because under the well-pleaded complaint rule, a federal law defense cannot be a basis for federal question jurisdiction. *Id.* Defendant filed objections to the report on January 5, 2015. *Id.* On March 19, 2015, the district court adopted the magistrate judge's report and recommendation, and remanded the case to state court for lack of subject matter jurisdiction. *Id.* at 2.

On May 20, 2015, the defendant removed this action for the second time to federal court pursuant to 28 U.S.C. § 1441, raising the same argument as in his first removal attempt. *See Hatcher v. Ferguson*, No. 6:15-2080, 2015 WL 4506978, at *1 (D.S.C. July 23, 2015). The plaintiffs filed a motion to remand to state court on May 26, 2015. *Id.* The magistrate judge issued a report and recommendation on June 16, 2015, recommending the district court grant the plaintiffs' motion to remand to state court for the same reasons the preceding removal attempt was remanded. *Id.* Defendant filed objections to the report on June 29, 2015, and the plaintiffs filed a reply to those objections on July 13, 2015. *Id.* On July 23, 2015, the court adopted the magistrate judge's report and recommendation, and remanded the case to state court for lack of subject matter jurisdiction. *Id.* at 2.

On December 22, 2015, the defendant, Susan M. Ferguson, and Ronald J. Ferguson[1] (collectively "defendants") filed a third notice of removal in this case, which is currently pending before the court. (ECF No. 1). In this removal notice, the defendants argue, for the first time, that

---

[1] There is some confusion over who the defendants are in this case. The case caption lists "Ron Ferguson" as the sole defendant; however the Notice of Removal is signed by "Ronald E. Ferguson," "Susan M. Ferguson," and "Ronald J. Ferguson," and the underlying state court records seem to indicate that all three Ferguson's were added or are going to be added to the underlying case. (ECF No. 2 at 186). The outcome of this motion is the same regardless of whether and when Ronald J. Ferguson and Susan M. Ferguson were added as defendants. Accordingly, for purposes of this motion, the court will assume that Ronald E. Ferguson, Susan M. Ferguson, and Ronald J. Ferguson are proper defendants in this case.

2

removal is proper on the basis of diversity jurisdiction. (*Id.*) On December 29, 2015, the plaintiffs filed a motion to remand to state court arguing that the court lacks subject matter jurisdiction. Plaintiffs also aver that since this case was filed in 2013, it "has not been able to move because of Defendants' procedural abuse of the judicial system including three removals to Federal Court." (ECF No. 11). For that reason, the plaintiffs seek an order from the court prohibiting future attempts to remove this case. (*Id.*) On January 4, 2016, the defendants filed a response in opposition to the motion to remand. (ECF No. 16).

The magistrate judge issued his Report on January 5, 2016, recommending the court grant the plaintiffs' motion to remand because the defendants removal is untimely, and that the court prohibit future removals in this case. (ECF No. 19). The defendants filed objections to the Report on January 19, 2016, and the plaintiffs filed a reply to those objections on January 29, 2016. (ECF Nos. 26 & 29).  On February 1, 2016, the defendants filed an additional attachment to their objections. (ECF No. 30). Accordingly, this case is now ripe for review.

## **Legal Standards**

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects.  *See* 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d

310, 315 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

In addition, the defendant is proceeding *pro se*. A pleading filed *pro se* is "to be liberally construed," and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). However, a district court may not construct the plaintiff's legal arguments for him and is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted). "Only those questions which are squarely presented to a court may properly be addressed." *Id.*

Finally, under 28 U.S.C. § 1441, a case filed in state court may be removed to federal court if it is an action "of which the district courts of the United States have original jurisdiction." Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems., Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id.*

## Discussion

In his Report, the magistrate judge recommends remand to state court under 28 U.S.C. § 1446(b)(1) because a notice of removal must be filed by a defendant within thirty days after the

4

complaint in state court is served or within thirty days after the case becomes removable. (ECF No. 19 at 3–4). The defendants filed several objections to the Report. Having reviewed the defendants' objections, the court finds that many of the objections are unrelated to the dispositive portions of the Report. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (explaining that de novo review is unnecessary in situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.) However, the court will address the objections it finds specific and pertinent to the Report.

First, the defendants contend that timeliness under 28 U.S.C. § 1446(b)(1) is a procedural defect, which the plaintiffs waived by failing to raise it in their motion to remand, and "district courts are prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so." (ECF No. 26 at 2). Second, the defendants contend that Susan M. Ferguson was joined as a party to this action in November 2015, and as a newly added defendant, removal of this action is timely under the last-served defendant rule.[2] (ECF No. 26 at 5).

After a careful review of the record in this case, the court finds the defendants' objections unpersuasive. Objections to procedural defects in removal are subject to waiver. *See Payne v. Brake*, 439 F.3d 198, 203–04 (4th Cir. 2006). However, regardless of the plaintiffs' failure to raise the thirty day time limitation in their motion to remand and the last served defendant rule, the defendants simply fail to meet the requirements of federal diversity jurisdiction in a removal action.

In order to satisfy the requirements of federal diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the

---

[2] To address this objection, the court will assume that Susan M. Ferguson was properly added as a defendant to this action in November 2015.

action must be between "citizens of different States," which means that complete diversity exists only if no plaintiff and no defendant are citizens of the same state. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In removal cases, diversity of citizenship must exist *both at the time of filing in state court* and *at the time of removal*. *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (emphasis added); *see also Hall v. Nestman*, No. 5:14-00062, 2015 WL 3948158, at *3 (June 29, 2015 W.D. Va.) ("[C]ourts in the Fourth Circuit look to both when a case was removed, as well as when the complaint was originally filed in state court, as the operative dates for determining citizenship for jurisdictional purposes.").

Here, the suit was commenced on April 1, 2013, and the pending action was removed to this court on December 22, 2015. Thus, the citizenship of the parties as of these two dates is determinative. There is no dispute that the plaintiffs are all citizens of South Carolina. (ECF No. 11 at 1). Furthermore, there is no dispute that Ronald J. Ferguson is a citizen of South Carolina and has been since he was added as a party to this action. (ECF No. 1 at 3). Ronald E. Ferguson and Susan M. Ferguson contend they were citizens of Florida when the initial lawsuit was filed in April 2013. (ECF No. 16 at 3). Additionally, Ronald E. Ferguson and Susan M. Ferguson contend they have been citizens of South Carolina since relocating to this state in June 2013. (ECF Nos. 16-1 at 2; 16-2 at 2).

Therefore, it is abundantly clear from the record that *at the time of removal*, the plaintiffs are citizens of South Carolina, and Ronald E. Ferguson, Susan M. Ferguson, and Ronald J. Ferguson are citizens of South Carolina. Accordingly, there is not complete diversity between the parties at the time of removal, and the court cannot exercise jurisdiction under 28 U.S.C. § 1332.

Moreover, even if complete diversity existed at the time of removal, the one year time limitation contained in 28 U.S.C. § 1446 has lapsed. The one year time limitation in diversity cases reads as follows:

> If the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of any amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after commencement of the action.*

28 U.S.C. § 1446(b)(3)–(c) (emphasis added). In *Lovern v. General Motors Corp.*, the Fourth Circuit strongly intimated that the one-year time limitation in 28 U.S.C. § 1446 is jurisdictional by referring to it as an "absolute bar" to removal. 121 F.3d 160, 163 (4th Cir. 1997). Additionally, other courts within this circuit have interpreted the one year cap of § 1446 to be a "jurisdictional limitation that should be rigidly observed to prevent removal of diversity cases pending in state court for more than one year." *Lexington Market, Inc. v. Desman Assoc.*, 598 F.Supp. 2d 707, 711 (D. Md. 2009) ("The Fourth Circuit's unequivocal position in *Lovern* [is] that the one-year time limitation poses an 'an absolute bar to removal'. . ."); *Mantz v. St. Paul Fire and Marine Ins. Co.*, No. 2:03-0506, 2003 WL 21383830, at *2 (June 13, 2003 S.D. W. Va.), *recon'd on other grounds*, 2003 WL 23109773 (July 18, 2003 S.D.W. Va.) ("No reasonable lawyer could believe that the Fourth Circuit Court of Appeals, or this court, would not adhere to the plain language of the statute. The Fourth Circuit has plainly said that '[i]n diversity cases, the statute [28 U.S.C. § 1446(b)–(c)] . . . erect[s] an absolute bar to removal cases in which jurisdiction is premised on 28 U.S.C. § 1332 more than one year after commencement of the action.'").

7

8

This action was commenced when the original complaint was filed in state court on April 1, 2013. (ECF No. 1-1). This notice of removal was filed over two years later on December 22, 2015. (ECF No. 1). This time period clearly exceeds the one-year jurisdictional limitation set forth in 28 U.S.C. § 1446, and there is no principled basis to permit the late removal of this case. Accordingly, the court finds this notice of removal untimely.

Finally, the plaintiffs seek an order from the court prohibiting future removals of this case. After a careful review of the record, and in light of the fact that this is the third removal attempt, the court finds the sequence of events indicate the defendants are attempting to use the removal process for strategic reasons. Strategic delay of a party in order to delay or determine the state court's receptivity to the party's litigating position should not be allowed. *Lovern,* 121 F.3d at 163. The court finds no basis upon which to disturb the Report or its recommended disposition. Accordingly, the court adopts the Report. (ECF No. 19). The plaintiffs' motion to remand (ECF No. 11) is **GRANTED**, and the defendants are hereby prohibited from future removals of this action.

**IT IS SO ORDERED.**

May 2, 2016                                                                 Timothy M. Cain
Anderson, South Carolina                                          United States District Judge